UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

In re:                                          :         Chapter 13
                                                :
MAC TRUONG,                                     :
                                                :         Case No. 14-13050 (ALG)
                        Debtor.                 :
                                                :
───────────────────────────────────────────

DECISION AND ORDER DISMISSING CHAPTER 13 PETITION AND GRANTING
INJUNCTIVE RELIEF AGAINST FURTHER FILINGS

Background

The Chapter 13 trustee ("Trustee") has moved to dismiss the Debtor's latest chapter 13 petition and for entry of an order enjoining further filings by the Debtor, and the Debtor has moved for an order "Scheduling a Hearing to Determine an Actual Conflict of Interest between Trustee Jeffrey L Sapir, Esq. and the Estate, and for His Removal under 11 USC 324(a)" ("Debtor's Motion").  Debtor has also filed adversary proceeding No. 14-02434 (ALG) against the Trustee and alleged John Doe defendants.   For the reasons stated hereafter, the Trustee's motion is granted, Debtor's Motion is denied and Adversary Proceeding 14-02434 is dismissed.

In an opinion dated September 3, 2009, and subsequent judgment, this Court dismissed a prior Chapter 13 case filed by this Debtor and enjoined him, his wife and any entity acting on their behalf from filing, without prior court approval, for a period of five years, (i) any pleadings against certain parties (including the Trustee and his representatives and counsel) and (ii) any future bankruptcy petition.  *In re Truong*, No. 09-11047, 2009 WL 2929261 (Bankr. S.D.N.Y. September 3, 2009).  Judge Glenn's 16-page decision detailed the numerous cases and bankruptcies filed by this Debtor and his family in this Court, in several other bankruptcy courts

1

and in other courts throughout the area.   A common refrain in much of this Debtor's litigation was a claim that the $571,000 proceeds from the foreclosure of his home was misapplied by the Trustee, even though all proceedings relating to the foreclosure and disposition of proceeds took place in New Jersey bankruptcy and state court proceedings.   Judge Glenn's conclusion was that dismissal of the then-current case and an injunction against further filings in this Court for five years was appropriate relief.   He also enjoined the Debtor from any filing in any court against the Trustee and the Trustee's representatives for the same five-year period, without permission from this Court.

The Debtor made numerous further filings in an attempt to challenge Judge Glenn's opinion and judgment.   It appears that his appeal of Judge Glenn's judgment was dismissed due to failure to file a brief or request an extension.   *Truong v. Sapir*, No. 09-Civ. 8857(RWS), 2010 WL 1645123 (S.D.N.Y. Apr. 14, 2010).   Further motions by the Debtor led to another opinion and order from Judge Glenn denying relief.   *In re Truong*, No.09-11047, 2011 WL 2894580 (Bankr. S.D.N.Y. July 15, 2011).   This order was appealed and affirmed on October 26, 2011 by Judge Oetken of the District Court, who referred to "Truong's history of harassing and frivolous litigation in this and other courts" and directed the Clerk of Court to "refuse all future filings by Truong, in this or in any future lawsuit, unless accompanied by a Court Order granting Truong permission to so file."   *In re Mac Truong*, No.11 Civ. 6556 (JPO), Dkt. 6 at 2.   Several additional motions were filed by Debtor before Judge Glenn, leading to a March 21, 2013 order denying Debtor's request to file further motions in his closed Chapter 13 case.   The March 21, 2013 order was appealed to Judge Engelmayer of the District Court, who affirmed and ordered the Clerk of Court "to refuse all future filings by Truong, in this or in any future lawsuit, unless accompanied

2

by a Court order granting Truong permission to so file." *Truong v. Sapir*, 13. Civ. 2771 (PAE), 2013 WL 6170308 (S.D.N.Y. November 25, 2013). Judge Engelmayer's order was entered as a Judgment on November 26, 2013. Debtor attempted to appeal to the Court of Appeals, which noted in an order dated February 4, 2014 that Debtor had previously been prohibited from making further submissions in that Court without permission, ruled that "the proposed appeal does not represent a departure from Debtor-Appellant's pattern of vexatious litigation" and denied his request for leave to file an appeal. *Truong v. Sapir*, No. 13-4721 (2d Cir. Feb. 4, 2014).

It will be recalled that Judge Glenn's order dated September 3, 2009 barred the Debtor from further bankruptcy filings in this Court for five years. Several weeks after the expiration of the five-year period, Debtor filed the instant case, purportedly under chapter 13. The Trustee moved to dismiss, and Debtor followed with a motion for relief against the Trustee and an adversary proceeding, in which he again makes many of the same allegations as he has over the past many years.

Discussion

On the record before the Court, there is no question that Debtor's pattern of frivolous and vexatious litigation has continued. The Debtor has provided no purpose for his most recent Chapter 13 petition other than to pursue the same claims that have been rejected time and again. As Judge Glenn found, the Debtor's is a history of "vexatious and abusive conduct toward Kartzman [a chapter 7 trustee in Debtor's New Jersey bankruptcy case] and the Debtor's other adversaries in the numerous other cases spawned by the Debtor's litigious behavior. The Debtor was disbarred as an attorney licensed to practice in New York for the same type of behavior. Numerous other courts have entered filing injunctions against the Debtor in an apparently futile

3

effort to curb his abuses. The Debtor's penchant for relitigating issues over and over again further supports a finding of bad faith. It is clear from the very long record that the Debtor filed the instant chapter 13 petition in an effort to skirt the New Jersey bankruptcy court's jurisdiction once again and to abuse the bankruptcy system for his own advantage." *Truong*, 2009 WL 2929261 at *5. The Debtor's abuse of the bankruptcy system has continued in the instant case, in his Motion, and in the Adversary Proceeding, and they should be dismissed.

The only further question before the Court is the scope of relief. As noted above, Judge Glenn limited his injunction against the Debtor's further filings to a period of five years. In the District Court, however, Judges Oetkin and Engelmayer issued permanent injunctions prohibiting further filings by the Debtor without prior permission from the Court. The Second Circuit has entered a similar order. Under the circumstances, the Court believes it appropriate to enter the same relief in this Court as has been entered in the appellate courts.

## Conclusion

It is ORDERED that the above-captioned chapter 13 petition is dismissed, the Debtor's Motion is denied, and Adversary Proceeding 14-02434 (ALG) is dismissed; and it is further

ORDERED that the Debtor, Mac Truong, his wife and any entity acting on their behalf or under their control are permanently enjoined and prohibited from filing any petition, motion or pleading in this Court without this Court's prior approval; and it is further

ORDERED that the Debtor, Mac Truong, his wife and any entity acting on their behalf or under their control are permanently enjoined and prohibited from filing any complaint, motion or pleading against the standing chapter 13 trustee in this jurisdiction, Jeffrey L. Sapir, his representatives or successors or counsel, in any court, tribunal or administrative agency, state or

federal, without first seeking leave of this Court.

    IT IS SO ORDERED.

Dated: New York, New York
      January 9, 2015

                                            **s/Allan L. Gropper**
                                            UNITED STATES BANKRUPTCY JUDGE